Filed 10/31/13  P. v. Madrid CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIO RICHARD MADRID,<br><br>    Defendant and Appellant. | D063851<br><br><br><br>(Super. Ct. No. SCD241723) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Mario Richard Madrid was charged with a number of crimes which were alleged to have been committed while he was in jail.  In October 2012, Madrid entered guilty pleas to two counts of vandalism under $400 (Pen. Code,[1] § 594, subd. (a)(b)(2)(A)).  He

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

admitted that each offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (d)), thus elevating the offenses to felonies. Madrid also admitted three prison priors (§ 667.5, subd. (b)) and one strike prior (§ 667, subds. (b)-(i)). The pleas were entered pursuant to *People v. West* (1970) 3 Cal.3d 595, in order to take the benefit of a plea agreement. Madrid also agreed to a "*Harvey*[2] waiver," which permitted the court to consider dismissed counts and allegations at the time of sentencing.

Sentencing was delayed until March 2013. Prior to sentencing defense counsel made an oral motion on Madrid's behalf to withdraw the guilty plea. The motion was based on counsel's alleged lack of preparation because she had not filed a written sentencing memorandum. The court noted counsel was fully prepared, had reviewed numerous materials and was competent to handle the sentencing. The court denied the motion to withdraw the guilty plea.

Counsel made a motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, asking the court to strike the serious/violent felony (strike) prior. The court denied the motion and sentenced Madrid to a determinate term of seven years four months. Madrid filed a timely notice of appeal but did not obtain a certificate of probable cause. (§ 1237.5.)

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Pursuant to *Anders,* counsel has identified possible, but not arguable issues:

---

2      *People v. Harvey* (1979) 25 Cal.3d 754.

1. Was Madrid properly advised of his rights and the consequences of his pleas at the time he entered the guilty pleas?

2. Did the trial court properly deny counsel's oral motion to withdraw the guilty plea?

3. Did counsel provide effective assistance of counsel as required by *Strickland v. Washington* (1984) 466 U.S. 668?

4. Did the court properly deny Madrid's motion to strike his serious/violent prior conviction?

5. Was the court's failure to formally engage in allocution prior to sentencing prejudicial thus warranting reversal?

We offered Madrid the opportunity to file a brief on his own behalf. Madrid has filed a brief in which he contends trial counsel was ineffective for her failure to investigate, prepare and adequately communicate with him. Madrid has attached a number of exhibits to his brief, but his contentions are all based on alleged failures by trial counsel, which are not preserved in the record on appeal. Claims of ineffective assistance of trial counsel, based on matters outside the record, must be raised by way of a petition for writ of habeas corpus and not by direct appeal. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) Accordingly, Madrid's supplemental brief does not raise any reasonably arguable issues on appeal. We reject Madrid's appellate claims without prejudice as to the merits of any claims to be raised by way of habeas corpus.

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not found any reasonably arguable appellate issues.  Competent counsel has represented Franklin on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

AARON, J.